UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EARL WATTLETON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL CARVJAL, *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  1:22-cv-00057 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons set forth below, the court will grant the IFP application and dismiss the complaint.

Plaintiff is currently designated to the Rochester Federal Medical Center, Compl. at 5, in custody of the Attorney General pursuant to 18 U.S.C. § 4243(e), after a verdict of not guilty only by reason of insanity. *See United States v. Wattleton*, 296 F.3d 1184, 1192–94 (11th Cir. 2002). He sues the Federal Bureau of Prisons ("BOP") and its Director for violations of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* at 1. He alleges that Defendants "have no authority to collect 20% of plaintiff's in-prison funds simultaneously" and argues that such collection, under the Prison Litigation Reform Act ("PLRA"), 42 U.S. Code § 1997, and 28 U.S.C. § 1915 (governing IFP proceedings), violates due process. *See id.* at 1, 3–4. He seeks injunctive relief in the form of a court order directing Defendants to instead "collect 20% of his in prison funds sequentially." *Id.* at 1.

Plaintiff acknowledges, *see id.* at 4, that the District of Columbia Circuit has held that an IFP prisoner's "filing fee accrues in each case, regardless of the number of suits initiated[,]"

*Pinson v. Samuels*, 761 F.3d 1, 8 (D.C. Cir. 2014), *rev'd sub. nom on other grounds*, 964 F.3d 65 (D.C. Cir. 2020).  However, he insinuates that he was unfairly subjected to "simultaneous" trust fund collection by this District before *Pinson* was decided.  *See* Compl. at 4.

Finally, he contends that he is not even subject to the PLRA because he is civilly committed, although this argument runs mostly counter to his objectives and the relief sought in this case.  *See id*. at 4.  He implies, without much context or detail, that he was has been mistakenly ordered by this District to submit fees under the PLRA despite his exemption, without "pre- or post-deprivation remedy to argue the point." *Id*.  If he is, in fact, exempt from collection under the PLRA, it is unclear why he seeks an order regulating the future assessment of withdrawal of funds in furtherance of such collection, or even why he has submitted his trust account statement in this matter, *see* ECF No. 3.

Plaintiff faces several insurmountable hurdles.  First, he seeks injunctive relief, but under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted).  Second, the court finds no merit in his argument that fees could not be assessed in different cases concurrently before *Pinson* was decided.  While it is unclear when Plaintiff alleges these fees were purportedly withdrawn improperly, the PLRA, and its amendments to 28 U.S.C. § 1915, were enacted in 1996.  *See Pinson*, 761 F.3d at 4 (citing *Chandler v. D.C. Dep't of Corr*., 145 F.3d 1355, 1356 (D.C. Cir. 1998)).  And the "plain text of [28 U.S.C. § 1915(b)(1)] calls for assessment of the initial partial filing fee *each time* a prisoner "brings a civil action or files an appeal." *Id.* at 8 (emphasis in original).  Therefore, if courts in this District concurrently withdrew funds from Plaintiff's trust account —in different cases filed concomitantly— they were indeed properly following the plain language of the statute.

Third, the court notes that Plaintiff has already brought some of these claims unsuccessfully before the United States District Court for the District of Minnesota. *See, e.g., Wattleton v. Doe*, No. 18-cv-793, 2018 WL 8806083 (D. Minn. Dec. 3, 2018), *report and recommendation adopted*, *Wattleton v. Hodge*, No. 18-cv-00793, 2019 WL 2432159 (D. Minn. Jun. 11, 2019), *aff'd*, 798 Fed. Appx. 964 (8th Cir. 2020). In that matter, Plaintiff alleged "that he does not meet the definition of 'prisoner' under the Prison Litigation Reform Act ("PLRA") because he is involuntarily committed due to mental health issues, and as a result, he is not subject to the PLRA's mandatory filing fee payment requirement." *Wattleton*, 2018 WL 8806083, at *1 (citing 28 U.S.C. §§ 1915(b), (h) and Plaintiff's amended complaint). Plaintiff sought "an order eliminating his indebtedness for filing fees, enjoining prison officials from collecting fees from his account, and returning monies already paid to the federal courts under the PLRA." *Id.* (citing Plaintiff's amended complaint).

The District of Minnesota found that Plaintiff had failed to state a claim upon which relief could be granted because it was the federal courts, not the BOP and its officials, that determined Plaintiff "should pay according to the PLRA" and BOP would not have independent "authority to make such a determination; instead, the source documents for these withdrawals were facially valid court orders." *Wattleton*, 2019 WL 2432159, at *2 (citations omitted). That court also founds that Plaintiff had "access to a pre-deprivation remedy." *Id.* at *3. More specifically, "[a] litigant may file an *in forma pauperis* application with the court, often at the initiation of the lawsuit, in which the litigant can indicate that he is civilly committed and therefore not subject to PLRA filing fees to prevent his account from ever being encumbered in the first place." *Id.* (citing standard IFP Form). "Instead of filing that application, or the earlier version of it, Wattleton signed consent forms for fees to be collected from his account in both cases." *Id.* (citations omitted). The court

further noted that the fees had not been withdrawn "through processes beyond his control. Wattleton initiated the lawsuits in each of the two courts that have indebted his account." *Id.* (citations omitted). The same rationale applies here. It would be this District, and not the BOP, who directed that fees be withdrawn from Plaintiff's trust account; therefore, assuming *arguendo* that Plaintiff is not subject to the PLRA, he cannot seek relief from BOP. Furthermore, while Plaintiff has failed to apprise this court as to the specific cases he challenges, based on his own allegations, he voluntarily applied and consented to the withdrawal of funds in the prior matters filed in this District.

The District of Minnesota also found that Plaintiff's "post-deprivation remedy is not inadequate either. If, after choosing not to indicate at the outset that prisoner filing fees do not apply to him, signing a consent form for the withdrawal of funds from his account, and engaging in litigation in the forum, Wattleton later decides to request a court to stop collecting fees, it is not overly cumbersome for him to return to the same court and request rescission of the PLRA order." *Id*. The instant allegations fare no differently. Despite Plaintiff's contentions, he was not deprived of a remedy to contest the collection of his funds. Plaintiff, "a frequent litigator in federal court," *Wattleton*, 2018 WL 8806083, at *1, could have certainly availed himself to relief by filing a motion to rescind, or something similar, in the matters before this District.

Consequently, the Complaint, ECF No. 1, and this case will be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A separate order accompanies this Memorandum Opinion.

Date:  January 25, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge